## WALKER *vs.* INMAN *et al.*

Where a fund was raised by a constable's sale, and on a contest over it in the justice's court among the creditors of the defendant, it was awarded to one of them, and thereupon a *certiorari* was sued out, which, on the hearing, was dismissed, and the judgment below was affirmed, it was too late for the holder of an older judgment, who had shown no diligence in asserting his rights and made no excuse for his delay, to then claim the fund; and a judgment of the justice awarding it to him instead of to the successful contestant was erroneous.

December 21, 1886.

Money Rule.    Justice Courts.    Before Judge FAIN. Catoosa Superior Court.    February Term, 1886.

Under a mortgage *fi. fa.* in favor of Inman, a constable sold certain property and brought the fund before the court.    It was claimed by Bridgman.    Inman brought a rule against the constable, which was made absolute by the justice.    Bridgman carried the case to the superior court by *certiorari*, which was subsequently dismissed and the judgment of the magistrate affirmed.    While this *certiorari* was pending, Walker placed in the hands of the constable a *fi. fa.* older than that of Inman, and claimed the money.    After the decision on the *certiorari*, the constable paid the money to Inman.    Walker then brought a rule against the constable, and Inman was made a party. The justice made the rule absolute and ordered the money paid to Walker.    Inman carried the case to the superior court by *certiorari*.    There the judgment of the magistrate was reversed, the presiding judge holding that the claim of Walker came too late.    Walker excepted.

McCAMY & WALKER, for plaintiff in error.

W. H. PAYNE; J. H. ANDERSON, for defendant.

HALL, Justice.

The only question made by this case is, whether, where there has been a contest over a fund in court, raised by

constable's sale under the execution of one of the contestants, and a judgment has been rendered by the justice of the peace in favor of one of them, and the party against whom the decision was made has sued out a *certiorari* to the same, and the *certiorari* on the hearing has been dismissed and the judgment below affirmed, another judgment rendered by the justice awarding the fund in controversy to a third party, claiming under an older lien than either of the others, but who made no claim until the first judgment had been rendered, and who did not make known his right pending the *certiorari*, ought to be allowed to stand.   On a *certiorari* to this second judgment, the superior court was of opinion that it was improperly granted, and ordered it to be set aside ; and we think he was right in so holding, because this execution was not presented in time, and its presentation did not authorize the disturbance of the first judgment, which had been sustained on *certiorari*, and consequently had relation to the date when it was rendered, and which at the same time finally disposed of the matter in controversy.   The party ultimately claiming the money showed no diligence in the assertion of his rights and gave no sort of excuse for his delay in the matter.   *Vigilantibus, non dormientibus, jura subveniunt.*

Judgment affirmed.